UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------------------x

In re:

**ERICK S. RAMOS,**   Case No. 16-35340-cgm

Chapter 13

**HON. CECELIA G. MORRIS**

Debtor(s).
-------------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, filed April 20, 2018, (the "Motion"), by Seterus Inc. as servicer for Federal National Mortgage Association ("Fannie Mae") (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in the property located at 1047 Rolling Ridge, New Windsor, New York 12553 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion May 15, 2018; and there being no opposition to the Motion; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby:

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and

to, the Property, including, without limitation, loss mitigation, foreclosure and eviction proceedings; and it is further

ORDERED that the Creditor shall promptly report and turn over to the Trustee any surplus monies realized upon sale of the Property; and it is further

ORDERED that this Order is binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code; and it is further

ORDERED, that unless specifically provided in loan documents signed by the debtor, the Movant may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer.



**Dated: June 26, 2018**
    **Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**